UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-cv-20218-MORENO

OJ COMMERCE LLC,

       Petitioner,

v.

AMAZON SERVICES, LLC,

       Respondent.
_____/

# AMAZON SERVICES, LLC'S RESPONSE
# TO PETITION TO CONFIRM ARBITRATION AWARD

## I.     INTRODUCTION

In November 2019, the arbitrator issued an award, denying the bulk of the claims brought by OJ Commerce LLC ("OJC"), denying its claims for attorney's fees, and awarding OJC less than one-quarter of the damages it sought against Amazon Services LLC ("Amazon"). Following that ruling, at OJC's request, the parties discussed and explored an alternative non-monetary resolution. After the parties were unable to reach an alternative resolution, Amazon agreed to pay OJC the amount awarded by the arbitrator. Despite Amazon's willingness to pay the full awarded amount, OJC has nonetheless continued to pursue this petition—demanding that Amazon also pay some claimed "$10,000 and counting" in attorney's fees for filing its two-page petition. Amazon has no objection to paying the amounts awarded by the arbitrator. But OJC is not entitled to more than the arbitrator awarded and OJC is not entitled to attorney's fees.

Accordingly, the Court should simply confirm the arbitrator's award as written, and reject any efforts by OJC to seek fees and further protract this dispute.

## II.   BACKGROUND

In late 2018, OJC initiated a commercial arbitration against Amazon regarding claims involving shipping fees and alleged lost profits when its account was suspended as a result of complaints that it was infringing on third-parties' intellectual property rights. OJC sought damages of nearly $500,000, plus attorney's fees. The matter went to hearing on September 9, 2019, and on November 7, 2019, the arbitrator issued his award.

The arbitrator denied all of OJC's claims related to its account suspension and denied OJC's claims for violation of the Washington Consumer Protection Act. ECF No. 1-2 ¶ 4. The arbitrator further denied OJC's request for attorney's fees, explaining as follows: "the Arbitrator finds no basis to award Attorneys' fees here and rules that each party shall pay its own attorneys' fees and arbitration costs." *Id.* ¶ 5. The arbitrator did rule in favor of OJC on its shipping fee claims, though awarded only $119,198.34, a portion of the damages it sought on that claim. Pursuant to Washington state law, the arbitrator also awarded OJ Commerce 12% pre-judgment interest on the $119,198.34, running from June 1, 2018. *Id.* ¶ 6. As for costs, the arbitrator found that the "administrative fees and expenses of the American Arbitration Association totaling $8,250.00 shall be borne equally between the parties, and the compensation and expenses of the arbitrator totaling $37,956.60 shall be borne equally between the parties." *Id.* at 2. Because the parties had already split arbitration compensation expenses, Amazon owed $4,125.03 in costs under the award (half the $8,250 filing fee paid by OJC). *Id.*

Amazon has repeatedly offered to pay the total awarded amount in its entirety.

## III.   ARGUMENT

Amazon does not oppose confirmation of the arbitrator's award as written. The arbitrator awarded OJC $119,198.34 plus 12% pre-judgment interest from June 1, 2018. ECF No. 1-2 ¶ 4. As of the date of filing, that amount totals $144,396.54. The arbitrator also ordered that the

parties equally share the cost of the arbitration.  Because OJC paid the entire initial filing fee of $8,250, Amazon owes half of this amount: $4,125.  *Id.* at p. 2.  Therefore, Amazon's total amount owing is $148,521.57.[1]  Amazon has repeatedly offered to pay this outstanding balance and is currently processing that payment.[2]  Yet OJC has refused to dismiss the petition and is demanding attorney's fees, despite not seeking them in this petition.  There is no basis for fees under the parties' contract, the arbitrator's award, or applicable law.[3]

## IV.    CONCLUSION

Amazon does not object to confirming the arbitrator's award as written.  OJC is entitled to nothing more.

---

[1] Twelve percent interest on $119,198.34 from June 1, 2018 to March 5, 2020 is $25,198.20. The principal amount ($119,198.34), plus 12% interest from June 1, 2018 to March 5, 2020 ($25,198.20), plus half of the filing fee ($4,125.03), equals $148,521.57 total.

[2] Although not required by the arbitrator's order or by law, in an attempt to resolve this matter without the Court's involvement, Amazon is also voluntarily paying OJC 12% interest on its portion of the AAA filing fee running from the date of the arbitrator's award to March 5, 2020.

[3] When Amazon asked OJC to provide the basis for its demand for attorney's fees, OJC cited Fla. Stat. § 57.115 and *Fed. Auto Ins., Inc. v. Bus. Acquisitions Brokerage, Inc.*, 839 So. 2d 767, 767 (Fla. Dist. Ct. App. 2003), which relate to recovery of fees in enforcing a "judgment" not an unconfirmed arbitration award.  OJC has provided no authority to support a claim for fees in confirming an award.

Dated: March 5, 2020                             Respectfully Submitted,

                                                         s/Brian W. Toth
Brian W. Toth
Florida Bar No. 57708
btoth@gsgpa.com
GELBER SCHACHTER & GREENBERG, P.A.
1221 Brickell Avenue, Suite 2010
Miami, Florida 33131
Telephone: (305) 728-0950
E-service: efilings@gsgpa.com


John A. Goldmark (*pro hac vice* forthcoming)
Rachel Herd (*pro hac vice* forthcoming)
DAVIS WRIGHT TREMAINE LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
Tel: (206) 622-3150

*Attorneys for Amazon Services, LLC*