**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA**

Case No.: 1:20-cv-20218-FAM
Civil - Moreno/Louis

OJ COMMERCE LLC,

    *Petitioner*,

vs.

AMAZON SERVICES, LLC,

    *Respondent*,

_____/

**PETITIONER OJ COMMERCE LLC'S MOTION TO ASSESS ATTORNEY'S FEES
AGAINST RESPONDENT AMAZON SERVICES, LLC**

Petitioner OJ COMMERCE LLC ("Petitioner" or "OJC") files this motion to assess attorney's fees against Respondent AMAZON SERVICES, LLC ("Respondent" or "Amazon"), pursuant to Fed. R. Civ. P. 54(d)(2)(D) and Local Rule 7.3, and in support thereof states the following:

**BACKGROUND**

Amazon, the dominant player in the United States online retail market, maintains an online marketplace where third-party sellers, such as OJC, can offer goods for sale to consumers. Amazon wields its behemoth power to the disadvantage of relatively small third-party sellers like OJC in a number of ways, including forcing third-party sellers to purchase overpriced services and to accept unfavorable contract terms in order to participate and effectively compete in the Amazon online marketplace.[1] One such term is Amazon's requirement that its third-party sellers

---

[1] *See, e.g., Amazon Accused of Monopolization, Massive Price-Fixing Scheme,* March 20, 2020, https://news.bloomberglaw.com/mergers-and-antitrust/amazon-accused-of-monopolization-massive-price-fixing-scheme; *see also* Eugine Kim, *Amazon's updated suspension policy still has sellers*

1

submit to costly arbitration to resolve disputes. In November 2018, in accordance with this arbitration provision, OJC filed an arbitration claim with the American Arbitration Association against Amazon. The initial filing fee was a staggering $8,250. Throughout the arbitration, Amazon refused to cooperate in good faith with respect to discovery and other stipulations, compounding litigation issues and ultimately driving up the arbitrator's fee to approximately $20,000—almost 15% of the amount ultimately awarded and an amount that would likely be prohibitively expensive for many third-party sellers lacking Amazon's boundless resources.

On November 7, 2019, over six months ago, the arbitrator issued an award in favor of OJC and against Amazon, in the amount of $119,198.34, plus prejudgment interest and certain costs. [DE 1-2]. The award specifically provided for Amazon to make payment to OJC within 30 days. For a period of time, Amazon purported to seek an alternative settlement; however, these superficial conversations did not develop into any agreement. At no time did Amazon seek permission from OJC or the arbitrator, via motion or otherwise, to extend the payment date. That Amazon's settlement ovations were a mere pretext are evidenced by a series of emails between undersigned counsel and Amazon seeking payment to no avail.

Ultimately, thirty days elapsed on December 7, 2019, and Amazon failed to make payment. On December 20, 2019, OJC reached out to Amazon seeking the overdue payment. [Exhibit A]. Amazon did not reply. On December 26, 2019, OJC again asked for payment, advising Amazon that a continuing delinquency would result in legal action. [Exhibit B]. Again, with payment now weeks overdue, Amazon ignored the request.

---

*worried about getting inexplicably booted,* July 20, 2019, https://www.cnbc.com/2019/07/20/amazons-updated-suspension-policy-still-has-sellers-worried.html.

On January 17, 2020, after numerous unsuccessful attempts to demand payment, OJC was forced to file its Petition to Confirm Arbitration Award (the "Petition") with this Court. [DE 1]. On February 19, 2020, more than a month after this action was initiated, Amazon acknowledged, for the first time, its obligation to pay the arbitration award but contested OJC's entitlement to attorney's fees. [Exhibit C]. Despite admitting that it had no basis upon which to oppose the arbitration award itself, Amazon vigorously opposed OJC's Petition in its filed response and sought to file a sur-reply to further oppose the Petition on the basis that OJC was not entitled to attorney's fees. [DE 13]. On March 19, 2020, the Court granted the Petition and entered final judgment in favor of OJC and against Amazon confirming the arbitration award in its entirety. [DE 19, 20]. The Court denied without prejudice OJC's request for costs and attorney's fees in its Petition with leave to refile as a separate motion. [DE 19].

## LEGAL ARGUMENTS

**I.    The Court should award attorney's fees under the Revised Florida Arbitration Code.**

The Revised Florida Arbitration Code, under which OJC filed its meritorious Petition, specifically provides for the award of attorney's fees upon the court's confirmation of an arbitration award:

> On motion of a prevailing party to a contested judicial proceeding under s. 682.12, s. 682.13, or s. 682.14, the court may add reasonable attorney fees and other reasonable expenses of litigation incurred in a judicial proceeding after the award is made to a judgment confirming, vacating without directing a rehearing, modifying, or correcting an award.

Fla. Stat. § 682.15.

Florida courts, state and federal, routinely apply § 682.15 to award attorney's fees and costs. *Celasco v. Merrill Lynch, Pierce, Fenner & Smith Inc.*, No. 19-20818-CIV, 2019 WL

3

5209394, at *8 (S.D. Fla. Aug. 9, 2019), *report and recommendation adopted*, No. 19-CV-20818-UU, 2019 WL 5209243 (S.D. Fla. Aug. 27, 2019) (citing § 682.15(3) and advising that "If the Court adopts the undersigned's RECOMMENDATION that the arbitration award be confirmed, the Court should grant Merrill Lynch leave to file a memorandum of law addressing the standard for awarding attorney's fees under the Florida Arbitration Act."); *Landmark, LLC, v. Apex Const. Services, LLC, et al.*, No. 2014-CA-001995, 2018 WL 2198753, at *1 (Fla.Cir.Ct. Apr. 23, 2018) (entering final judgment confirming arbitration award and ordering that "F&D, as the prevailing party, is entitled to . . . its reasonable attorneys' fees and costs incurred seeking confirmation of the Arbitration Award pursuant to section 682.15, Florida Statutes."); *Fairview Open Bible Church v. Freedom Steel Bldg. Corp.*, No. CACE 17-008898 (04), 2017 WL 7406265, at *1 (Fla.Cir.Ct. Nov. 08, 2017) (confirming arbitration award and ordering that "Claimant is entitled to attorney fees and costs pursuant to Section 682.15(3), Florida Statutes, in an amount to be determined at a subsequent hearing."); *Action Air Tech, Inc. v Barr Architectural Studio, Inc.*, No. CACE-15-014755 (02), 2016 WL 8809181, at *1 (Fla.Cir.Ct. Dec. 05, 2016) ("Plaintiff, Action Air Tech, Inc., is the prevailing party in confirming the arbitration award and is entitled to its reasonable attorneys' fees and costs pursuant to Section 682.15, Florida Statutes.").

This action has been a contested judicial proceeding, falling squarely under § 682.15(3), *Fla. Stat*. In its response to OJC's Petition, Amazon claimed that it "has no objection to the amounts awarded by the arbitrator"—a thinly-veiled attempt to avoid shouldering OJC's attorneys fees under §682.15(3) by teeing up the argument that the proceeding is uncontested. [DE 13 at 1]. Amazon's conduct prior to and after the filing of the Petition, however, belies this

claim. Amazon did not offer full payment until the filing of this action, which occurred well after litigation had been threatened, waiver of service was requested (and ignored), and attorney's fees in drafting and filing the Petition had already accrued. In fact, Amazon failed to pay the allegedly uncontested award throughout the pendency of OJC's Petition. For weeks, OJC's repeated requests for Amazon to make the overdue payment were met with radio silence, leaving OJC with no choice but to commence this litigation. Had Amazon simply paid the arbitration award prior to—or even in the weeks after—it was due, OJC would not have had to pay undersigned counsel to file and litigate this action. Amazon's persistent and continuing failure to timely comply with the arbitrator's award—despite Amazon's recent and yet unacted upon protestations that it has no objection to complying—has "undermined the very function of arbitration (mainly the speedy and efficient resolution of disputes) . . . and needlessly and expensively protracted the resolution of [the] dispute." *RONCO Consulting Corp. v. Leading Edge Ventures, LLC*, No. PWG-17-305, 2018 WL 4095474, at *2 (D. Md. Aug. 28, 2018) (awarding attorney's fees to prevailing petitioner under § 682.15, *Fla. Stat.*). This is precisely the type of willful noncompliance that justifies the award of attorney's fees.

**II.     The Court should exercise its inherent power to award attorney's fees to OJC because Amazon failed to abide by the arbitrator's order, without justification.**

In addition to the authority to award fees under § 682.15, *Fla. Stat.*, the Court has the inherent power to award attorney's fees. The Court should exercise that power here, based on Amazon's blatant and unjustified refusal to abide by the arbitrator's order. *See e.g. Bell Prod. Engineers Ass'n v. Bell Helicopter Textron, Div. of Textron, Inc.*, 688 F.2d 997, 999 (5th Cir. 1982) ("[W]hen a challenger refuses to abide by an arbitrator's decision without justification, attorney's fees and costs may properly be awarded."); *Int'l Union, United Auto., Aerospace and*

5

*Agric. Implement Workers of Am. v. United Farm Tools, Inc., Speedy Mfg. Div.*, 762 F.2d 76, 77 (8th Cir. 1985) (holding that an unjustified refusal to abide by an arbitrator's award may constitute bad faith for the purpose of awarding attorneys' fees); *The N.Y.C. Dist. Council of Carpenters Pension Fund v. E. Millenium Constr., Inc.*, No. 03 Civ. 5122, 2003 WL 22773355, at *2 (S.D.N.Y. Nov. 21, 2003) ("A court may award attorneys' fees when a party opposing confirmation of an arbitration award refuses to abide by an arbitrator's decision without justification"); *Astanza Design, LLC v. Giemme Stile, S.p.A.*, 220 F. Supp. 3d 641, 652 (M.D.N.C. 2016) ("federal courts have found it consistent with the purpose of the FAA to award attorneys' fees for litigation commenced to confirm or vacate an arbitration award under the FAA, even under their inherent power").

The arbitration award is explicit. Amazon had 30 days from November 7, 2019, to make payment. [DE 1-2]. Amazon indisputably violated this order, even though—as Amazon has now conceded—it had no basis upon which to oppose the arbitration award. This failure forced Petitioner to draw upon its own and this Court's resources to recover upon the award. Amazon's willful and groundless noncompliance calls for the Court's discretionary award of attorney's fees.

### III.   OJC has accrued attorney's fees in the amount of $18,142.50.

In calculating attorneys' fees awards, courts in this District have "adopted the federal lodestar approach as the foundation for setting reasonable fee awards." *Arthur J. Gallagher Serv. Co. v. Egan*, No. 12-80361-CV, 2015 WL 12130383, at *2 (S.D. Fla. Feb. 18, 2015), *report and recommendation adopted*, No. 12-CV-80361, 2015 WL 12149975 (S.D. Fla. Mar. 30, 2015) (citations omitted). The federal lodestar approach calculates a reasonable award of attorneys' fees

6

by "multiplying the number of hours reasonably expended times a reasonable hourly rate." *Id.* (citing *American Civil Liberties Union v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999)). In defining a reasonable hourly rate, courts look to the prevailing market rate for that legal community for lawyers of reasonably similar experience, reputation, and skills. *Id.* at *3. There is a "strong presumption" that the lodestar figure represents a "reasonable" fee. *Irish v. Reynolds,* 13-CIV-10063, 2018 WL 1863765 at *2 (S.D. Fla. Jan. 9, 2018*), report and recommendation adopted sub nom. Irish v. Hyde,* 13-CV-10063, 2018 WL 1863747 (S.D. Fla. Feb. 9, 2018).

Pursuant to Local Rule 7.3(a), Petitioner provides the following details:

(1) This motion is filed timely, within 60 days of rendition of the final judgment in its favor.

(2) The judgment upon which Petitioner relies on was issued on March 19, 2020. [DE 19]. Petitioner's entitlement to an award of attorney's fees is based upon Fla. Stat. § 682.15(3) and this Court's inherent power to award fees for a refusal to comply with an arbitrator's order.

(3) Petitioner seeks a total of $18,142.50 in attorney's fees.

(4) Terms of fee agreements: OJC's fee agreement with Roche Cyrulnik Freedman LLP provides for payment by the hour.

(5) Petitioner seeks fees for the following individuals:

(a) Devin "Velvel" Freedman, Esq. is a founding partner and co-chair of Roche Cyrulnik Freedman LLP. Mr. Freedman has practiced for eight years, previously serving as counsel at Boies Schiller Flexner LLP. Mr. Freedman is a 2019 recipient of the Daily Business Review's professional excellence award as an attorney "On the Rise." Mr. Freedman has expended a total of **3.2 hours** in this case, during which time he conferred with opposing counsel

7

over multiple attempts to find a resolution, strategized with OJC in seeking payment, and reviewed and edited documents filed in this action. Mr. Freedman's agreed-upon hourly rate with OJC is $900 per hour, as reflected in the attached invoices. In the interest of ensuring reasonableness of the fees sought, however, Mr. Freedman's rate has been reduced to **$675** per hour for purposes of this motion.[2] Roche Cyrulnik Freedman LLP's March and April invoices are hereby attached as Exhibit D and E, respectively.

(b) Stephanie Scutti, Esq., a senior associate at Roche Cyrulnik Freedman LLP, graduated from Harvard Law School *cum laude* prior to clerking for the Honorable William P. Dimitrouleas and practicing as an associate at Boies Schiller Flexner LLP. Ms. Scutti has expended a total of **8.55 hours** in this case researching legal issues, editing documents prior to filing, and communicating with OJC regarding the same. Ms. Scutti's agreed-upon hourly rate with OJC is $800 per hour, as reflected in the attached invoices. In the interest of ensuring reasonableness of the fees sought, however, Ms. Scutti's rate has been reduced to **$500** per hour for purposes of this motion. Ms. Scutti's time is reflected on Roche Cyrulnik Freedman's invoices. [Exhibits D, E].

(c) Shlomo Y. Hecht, Esq. is a Florida International University School of Law *cum laude* Graduate, who has been practicing for three years, and is general counsel for Petitioner. Mr. Hecht expended a total of **33.45 hours** in this case, during which time he researched legal issues and drafted all the documents filed in this case. Mr. Hecht's hourly rate is **$350** per hour. A copy of Mr. Hecht's timesheet is hereby attached as Exhibit F.

---

[2] In the interest of ensuring reasonableness, this motion also excludes hours spent by undersigned counsel conferring with opposing counsel regarding this motion in an effort to seek resolution short of filing.

## CONCLUSION

For the foregoing reasons, the Court should exercise its discretion under § 682.15 and its inherent power to award OJC its attorney's fees.

WHEREFORE, Petitioner respectfully asks this Court award its reasonable attorney's fees, in the amount of $18,142.50.

Respectfully submitted,

/s/ Velvel (Devin) Freedman
Velvel (Devin) Freedman, Esq.
Florida Bar No. 99762
Stephanie Scutti, Esq.
Florida Bar No. 116176
ROCHE CYRULNIK FREEDMAN LLP
200 S. Biscayne Blvd., Suite 5500
Miami, Florida 33131
Tel. (305) 357-3861
Email: vel@rcfllp.com

Shlomo Y. Hecht, Esq.
3076 N Commerce Parkway
Miramar, FL 33025
Tel. 954-861-0025
Email: sam@hechtlawpa.com

*Attorneys for Petitioner OJ Commerce, LLC*

## CERTIFICATE OF GOOD FAITH CONFERENCE

Pursuant to Local Rule 7.3(b), I hereby certify that a draft motion was served upon opposing counsel and that counsel for the movant has conferred with all parties or non-parties who may be affected by the relief sought in this draft motion in a good faith effort to resolve the issues but has been unable to resolve the issues of entitlement to fees or amount.

/s/ Velvel (Devin) Freedman
Velvel (Devin) Freedman, Esq.

## CERTIFICATE OF SERVICE

I HEREBY certify that on May 18, 2020, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, and served this document upon Respondent's counsel.

/s/ Velvel (Devin) Freedman
Velvel (Devin) Freedman, Esq.

## VERIFICATION

I'm a member and manager of Petitioner OJ Commerce, LLC, and I was personally involved in overseeing this action against Respondent. I'm authorized to make this statement on behalf of Petitioner. I affirm that the information contained in this document is true and correct to the best of my knowledge.

/s/ _____
Jacob Weiss, President and CEO of OJ Commerce, LLC