UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-cv-20218-MORENO/MCALILEY

OJ COMMERCE LLC,

    Petitioner,

v.

AMAZON SERVICES LLC,

    Respondent.
_____/

## REPORT AND RECOMMENDATION

In this action, the Court granted Petitioner OJ Commerce LLC's ("OJC") Petition to Confirm Arbitration Award. (ECF No. 19). The Court now has before it OJC's Motion for Attorneys' Fees, (ECF No. 24), which the Honorable Federico A. Moreno referred to me for a report and recommendation. (ECF Nos. 27, 28). Amazon Services LLC ("Amazon") filed a Response, (ECF No. 25), and OJC a Reply, (ECF No. 26). For the reasons explained below, I recommend that the Court deny the Motion.

**I.   BACKGROUND**

On November 7, 2019, an arbitrator ordered that Amazon, no later than December 7, 2019, pay OJC $119,198.34 in damages, with pre-judgment interest at a rate of 12% per annum to accrue from June 1, 2018, and $4,125.03 in administrative costs (the "Award"). (ECF No. 1-2). The arbitrator declined to award OJC the attorneys' fees it incurred at arbitration. (*Id.*). After the arbitrator entered the Award, the parties began negotiating a non-monetary settlement in lieu of the Award. (ECF Nos. 13 at 1, 17 at 2, 25-1 ¶¶ 4-5).

1

The settlement discussions continued through December 2019, past the payment deadline set forth in the Award. (ECF Nos. 25-1 ¶¶ 4-5, 25-4). On December 20, 2019, OJC emailed Amazon to ask that it pay the Award, noting that Amazon had failed to respond to OJC's settlement proposal, as OJC had asked, by December 14, 2019. (ECF No. 25-4). Amazon did not respond and, on December 26, 2019, OJC again emailed Amazon advising that OJC intended to file a petition to confirm the Award. (*Id.*). According to Amazon's counsel, he did not timely respond to OJC's December 14 and December 26 emails because he was out of the office on vacation over the holidays. *See* (ECF No. 25-1 ¶ 5).

On January 17, 2020, having not received a response to the recent emails, OJC filed its Petition with this Court to confirm the Award. (ECF Nos. 1, 24 at 3). Amazon contacted OJC shortly thereafter and requested that OJC confirm Amazon's calculation of the total amount owed with interest, so Amazon could make payment pursuant to the Award. *See* (ECF No. 25-5 at 6-7 (Jan. 29, 2020 email)). OJC, instead of confirming the calculation of the Award, asserted that Amazon should pay its attorneys' fees of "$10,000 (and counting)" for "the preparation, drafting, and filing of [the petition to confirm the arbitration award]" and offered to settle the case for $10,000 more than the Award. (ECF No. 25-5 at 6 (Jan. 30, 2020 email)). Amazon agreed to pay the full amount of the Award, but disputed OJC's entitlement to attorneys' fees. (*Id.* at 5-6 (Feb. 6, 2020 email)). OJC refused to accept full payment of the Award unless Amazon also paid the attorneys' fees OJC claimed it incurred. *See* (ECF No. 25-5).

Shortly after the parties reached an impasse, Amazon filed a response to OJC's Petition, stating that it has "no objection to paying the amounts awarded by the arbitrator."

2

(ECF No. 13 at 1). OJC replied, and asked the Court, for the first time, to also award OJC attorneys' fees incurred in connection with the Petition. (ECF No. 17). OJC did not specify the amount of fees sought or provide documentary support, such as billing records or timesheets of its counsel. (*Id.*). The Court granted the Petition "as [Amazon] 'has no objection to paying the amounts awarded by the arbitrator'" and denied OJC's request for attorneys' fees without prejudice. (ECF No. 19). Amazon paid OJC the full amount of the Award several days after the Court granted the Petition. (ECF No. 25-1 ¶ 7).

OJC has now filed a Motion for Attorneys' Fees, pursuant to Fla. Stat. § 682.15(3) and the Court's inherent authority, seeking $18,142.50 in attorneys' fees for work its counsel performed filing the Petition and litigating the issues of costs and attorneys' fees. (ECF No. 24 at 3-6).[1] Amazon argues that OJC is not entitled to attorneys' fees under Florida Statute § 682.15(3) because this is not a "contested judicial proceeding," as Amazon did not challenge confirmation of the Award. Amazon also argues that attorneys' fees are unavailable under the Court's inherent power because OJC has not shown that Amazon acted in bad faith. (ECF No. 25 at 5-12). For the reasons explained below, I agree with Amazon and conclude that OJC is not entitled to an award of attorneys' fees.

## II. ENTITLEMENT

### A. Fla. Stat. § 682.15

Each party is generally responsible for its own attorneys' fees unless a statute or enforceable contract requires the opposing party to pay those fees. *Rothenberg v. Sec.*

---

[1] Amazon filed a separate Motion to Assess Taxable Costs, (ECF No. 22), which the parties resolved without the Court's intervention, (ECF No. 23).

*Mgmt. Co., Inc.*, 736 F.2d 1470, 1471 (11th Cir. 1984) (citation omitted). OJC seeks an award of attorneys' fees under Fla. Stat. § 682.15(3), which is part of the Revised Uniform Arbitration Act ("RUAA").[2] It provides:

> On motion of a prevailing party to a *contested* judicial proceeding under s. 682.12 [confirmation of an award],[3] s. 682.13 [vacatur of an award], or s. 682.14 [modification or correction of an award], the court may add reasonable attorney fees and other reasonable expenses of litigation incurred in a judicial proceeding after the award is made to a judgment confirming, vacating without directing a rehearing, modifying, or correcting an award.

Fla. Stat. § 682.15(3) (emphasis added). (ECF No. 24 at 3-5). OJC, as the moving party, bears the burden to prove its entitlement to attorneys' fees. *See Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). This means that OJC must demonstrate that Amazon "contested" this judicial proceeding to confirm the Award. *See* Fla. Stat. § 682.15(3).

OJC argues that the following circumstances demonstrate that Amazon contested this judicial proceeding: (i) Amazon did not respond when OJC asked Amazon for payment in late-December; (ii) Amazon offered full payment only after OJC filed the Petition; and (iii) Amazon did not pay OJC until after the Court granted the Petition in March, even though the Petition was pending since January. *See* (ECF No. 24 at 4-5).

OJC offers no authority that demonstrates that these circumstances render this a

---

[2] Florida adopted the RUAA in 2013, which is codified in Chapter 682, Florida Statutes. *See* Fla. Stat. §§ 682.01–682.25. The RUAA is available at: https://www.uniformlaws.org/HigherLogic/System/DownloadDocumentFile.ashx?DocumentFileKey=cf35cea8-4434-0d6b-408d-756f961489af.

[3] Section 682.12 states: "After a party to an arbitration proceeding receives notice of an award, the party may make a motion to the court for an order confirming the award at which time the court shall issue a confirming order unless the award is modified or corrected . . . or is vacated . . . ." Fla. Stat. § 682.12.

4

"contested" judicial proceeding. Most of the cases that OJC relies upon are final judgments of Florida state courts that award attorneys' fees in a single conclusory sentence without any analysis of § 682.15. *See Landmark, LLC, v. Apex Const. Servs., LLC, et al.*, No. 2014-CA-001995, 2018 WL 2198753, at *1 (Fla. Cir. Ct. Apr. 23, 2018); *Action Air Tech, Inc. v. Barr Architectural Studio, Inc.*, No. CACE-15-014755 (02), 2016 WL 8809181, at *1 (Fla. Cir. Ct. Dec. 5, 2016); *Fairview Open Bible Church v. Freedom Steel Bldg. Corp.*, No. CACE 17-008898 (04), 2017 WL 7406265, at *1 (Fla. Cir. Ct. Nov. 8, 2017). The federal decisions that OJC cites are also unhelpful because they involve parties who, unlike Amazon, sought to vacate an arbitration award. *See RONCO Consulting Corp. v. Leading Edge Ventures, LLC*, No. PWG-17-305, 2018 WL 4095474, at *2 (D. Md. Aug. 28, 2018) (denying petition to vacate arbitration award, granting defendant's motion to confirm arbitration award and awarding attorneys' fees to defendant under § 682.15); *Celasco v. Merrill Lynch, Pierce, Fenner & Smith Inc.*, No. 19-20818, 2019 WL 5209394, at *8 (S.D. Fla. Aug. 9, 2019), *report and recommendation adopted*, No. 19-20818, 2019 WL 5209243 (S.D. Fla. Aug. 27, 2019) (recommending that motion to vacate arbitration award be denied and that if court adopts recommendation to confirm arbitration award, defendant be given "leave to file a memorandum of law addressing the standard for awarding attorney's fees under the Florida Arbitration Act.").

Amazon, on the other hand, relies upon a factually similar case that addresses Hawaii's equivalent to § 682.15. *See Matter of Arb. Between United Pub. Workers, AFSCME, Local 646, AFL-CIO & Dep't of Transp.*, No. CAAP-16-0000666, 2020 WL 1233430, at *8 (Haw. Ct. App. Mar. 13, 2020). In that case, an arbitrator issued a Decision

and Award, as well as a Decision on Arbitrability. *Id*. at *1-2. The Union filed a motion to confirm both the award and the arbitrability decision. *Id*. at *2. The State did not object to the award but disputed that the arbitrability decision constitutes a separate award. *Id*. The trial court agreed and entered an order confirming the Decision and Award, denying confirmation of the Decision on Arbitrability as a separate award, and denying the Union's request for attorneys' fees because the State did not contest confirmation of the award. *Id*. The statute at issue provided that "[o]n application of a prevailing party to a *contested* judicial proceeding . . . the court may add reasonable attorney's fees . . . incurred in a judicial proceeding after the award is made to a judgment confirming, vacating without directing a rehearing, modifying, or correcting an award." HRS § 658A-25(c) (emphasis added).

The appellate court affirmed. *United Pub. Workers*, 2020 WL 1233430, at *8. It noted that "the State conceded that it had '**no objection** to the issuance of an order confirming . . . [the award].'" *Id*. (emphasis in original). The Court then concluded that "[t]he State's limited opposition did not convert the proceeding into a 'contested judicial proceeding' as the State had not actually contested confirmation of the award." *Id*.

Similarly, here, Amazon had "no objection to paying the amounts awarded by the arbitrator," (ECF No. 13 at 1), and only disputed OJC's demand for attorneys' fees – an amount not included in the Award. I conclude that Amazon's refusal to pay amounts not awarded by the arbitrator does not render this action a "contested judicial proceeding."

My conclusion is consistent with the comments to the RUAA, which provide in pertinent part that:

6

> The right to recover post-award litigation expenses does not apply if a party's resistance to the award is *entirely passive* but only where there is "a contested judicial proceeding." The situation of an uncontested judicial proceeding, *e.g.*, to confirm an arbitration award, will most often occur when a party simply cannot pay an amount awarded. If a party lacks the ability to comply with the award and does not resist a motion to confirm the award, the subsection does not impose further liability for the prevailing party's fees and expenses. These expenditures should be nominal in a situation in which a motion to confirm is made but not opposed.

RUAA § 25, cmt. 4, at 88-89 (emphasis added). Here, Amazon did not pay the Award by the deadline because it could not afford to do so; rather because the parties were negotiating a non-monetary resolution. *See* (ECF No. 25-1 ¶¶ 4-5). Once OJC filed the Petition, Amazon contacted OJC to confirm its calculation of the amount owed, with interest, so Amazon could make payment, which OJC made clear it would not accept without payment of the contested attorneys' fees. (ECF Nos. 25-1 ¶ 6, 25-5). And, when Amazon responded to the Petition, it conceded that it did not object to confirmation of the Award, and never sought to vacate, modify or correct the Award. Under these circumstances, to the extent Amazon resisted the Award, it is best characterized as passive.

For the foregoing reasons, I conclude that OJC has not met its burden to establish that Amazon contested this judicial proceeding, and therefore, OJC is not entitled to an award of attorneys' fees under Fla. Stat. § 682.15(3).

B.  The Court's Inherent Authority

OJC also asks the Court to invoke its inherent authority to sanction Amazon and order it to pay OJC's attorneys' fees. (ECF No. 24 at 5-6). A court's inherent authority to sanction litigants and their counsel reflects "the control necessarily vested in courts to

7

manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991) (citation omitted). A court must exercise its inherent authority to sanction "with restraint and discretion" in order "to fashion an appropriate sanction for conduct which abuses the judicial process." *Id.* at 44-45.

"[T]he inherent-powers standard is a subjective bad-faith standard." *Purchasing Power, LLC v. Bluestem Brands, Inc.*, 851 F.3d 1218, 1223 (11th Cir. 2017). The Eleventh Circuit Court of Appeals explained that "in the absence of direct evidence of subjective bad faith, this standard can be met if an attorney's conduct is so egregious that it could *only* be committed in bad faith." *Id.* at 1224-25 (emphasis added).

In the context of arbitration awards, courts recognize that a party acts in bad faith when the party refuses to comply with the arbitrator's award without justification. *See Int'l Chemical Workers Union (AFL-CIO), Local No. 227 v. BASF Wyandotte Corp.*, 774 F.2d 43, 47 (2d Cir. 1985); *see also Kalifa v. Blue Star Jets, LLC*, No. 11-21999-CIV, 2012 WL 13012747, at *2-3 (S.D. Fla. Mar. 28, 2012); *Nat'l Ass'n of Broadcast Emps. & Technicians, AFL-CIO v. Sunbeam Television Corp.*, 606 F. Supp. 111, 115-16 (S.D. Fla. 1984); *United Steel Workers of Am. v. U.S. Gypsum Co.*, 492 F.2d 713, 734 (5th Cir. 1974).[4] This is a high standard: courts interpret the term "without justification" to mean "to take an unreasonable, clearly wrong position–no matter how sincere the belief behind it." *E.G.&G. Fla., Inc. v. Int'l Union, United Plant Guard Workers of Am. (UPGWA) & Its Local Union No. 128*, No. 97-1519-CIV-ORL-22B, 1998 WL 928416,

---

[4] In *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir. 1981), the Eleventh Circuit adopted as binding precedent all decisions handed down by the former Fifth Circuit before October 1, 1981.

at *2 (M.D. Fla. Oct. 28, 1998) (citations omitted). Importantly, a party must do *more* than merely challenge an arbitration award to act "without justification." *Id.*

Viewing the record, it cannot be said that Amazon's delayed payment was unreasonable or based on a "clearly wrong" position. At OJC's request Amazon communicated with OJC about a possible non-monetary resolution in lieu of the Award. (ECF No. 25-1 ¶ 4). These settlement discussions extended, by agreement, beyond the payment deadline. (ECF Nos. 25-1 ¶¶ 4-5, 25-4 (Dec. 20, 2019 email)).[5]

No doubt, Amazon dropped the ball when it did not respond to OJC's late December emails requesting payment of the Award. This was during the holiday season and Amazon's counsel explained that he was on vacation. (ECF No. 25-1 ¶ 5). OJC, however, did not file the Petition until mid-January, and Amazon offers no explanation why it failed to respond to OJC's emails after the holidays. Plainly, Amazon should have done better. Amazon did, however, immediately offer to pay the Award once OJC filed the Petition. (ECF No. 25-5 at 6-7 (Jan. 29, 2020 email)).

OJC repeatedly refused to accept Amazon's payment unless it included OJC's attorneys' fees, thereby causing further delay in payment. *See* (ECF No. 25-5). OJC made this demand without offering any evidentiary support for the fees sought, despite Amazon's request for this information.[6] (ECF No. 25-6 at 1-5). Under these circumstances, where the

---

[5] OJC's Dec. 20, 2019 email states: "You [Amazon] promised to get back to us last Friday [December 14, 2019], but I haven't heard anything. Please make sure I receive payment on a Monday so we don't have to move for enforcement." (ECF No. 25-4 (Dec. 20, 2019 email)).

[6] OJC insisted that Amazon pay attorneys' fees of "$10,000 (and counting)" for filing the Petition. (ECF No. 25-5 at 6 (Jan. 30, 2020 email)). Amazon's resistance to this demand was not unreasonable, given that the Petition was just two pages of mostly single-sentence numbered paragraphs that were mostly conclusory or boilerplate. *See* (ECF No. 1). It is troubling to see that

parties were in the midst of settlement discussions and OJC insisted upon payment of unsubstantiated amounts that were not included in the Award, Amazon's delayed payment of the Award was not unreasonable or clearly wrong. On this record, OJC has not demonstrated that Amazon acted without justification when it did not pay OJC by the arbitrator's December 7, 2019 deadline.[7]

For the foregoing reasons, I conclude that OJC failed to demonstrate that Amazon acted in bad faith[8] and, therefore, there is no basis to award attorneys' fees under the Court's inherent authority.[9]

---

OJC's demand also was nearly four times greater than the amount OJC actually incurred. *See* (ECF No. 24-6 (entries for Schlomo Y. Hecht on Jan. 13, 2020 (2.5 hours) and Jan. 14, 2020 (4.5 hours))) (reflecting work performed in drafting the Petition totaling approximately $2,500)).

[7] Importantly, Amazon remained willing to pay the Award in full, did not oppose confirmation of the Award, and paid the Award as soon as the Court confirmed it.

[8] The cases that OJC relies upon to demonstrate bad faith are inapposite. *See Astanza Design, LLC v. Giemme Stile, S.p.A.*, 220 F. Supp. 3d 641, 652-53 (M.D.N.C. 2016) (court did not address or rely upon inherent authority in awarding attorneys' fees); *N.Y.C. Dist. Council of Carpenters Pension Fund v. E. Millenium Constr., Inc.*, No. 03 Civ. 5122, 2003 WL 22773355, at *2 (S.D.N.Y. Nov. 21, 2003) (defendant refused to participate in arbitration and confirmation proceedings, and refused to comply with arbitrator's award); *Int'l Union, United Auto., Aerospace & Agric. Implement Workers of Am. v. United Farm Tools, Inc., Speedy Mfg. Div.*, 762 F.2d 76, 77 (8th Cir. 1985) (insufficient justification for the refusal to comply with the arbitrator's award where losing party asserted "that an honest disagreement existed as to the validity of the award because the arbitrator exceeded his authority in making the award," but did not move to set award aside); *Bell Prod. Eng'rs Ass'n v. Bell Helicopter Textron, Div. of Textron, Inc.*, 688 F.2d 997, 998-99 (5th Cir. 1982) (affirming bench trial which resulted in declaration that employer had not complied with arbitration award and upholding award of attorneys' fees because "the company's refusal to abide by the arbitrator's award was without justification.").

[9] Although unnecessary to my analysis, I note that Amazon argues that it did not act in bad faith because the arbitrator's award is legally unenforceable until confirmed. (ECF No. 25 at 12). This argument is without merit. Parties are not free to simply ignore an arbitration award. *See Capital Factors, Inc. v. Alba Rent-A-Car, Inc.*, 965 So. 2d 1178, 1182 (Fla. 4th DCA 2007) ("Ordinarily, a decision by arbitrators is as binding and conclusive ... as the judgment of a court.") (alteration in original) (citation omitted). Amazon's assertion, if accepted, would undermine the goals of arbitration, one of which is to decrease costs of litigation to the parties and the judicial system. *See Brisentine v. Stone & Webster Eng'g Corp.*, 117 F.3d 519, 526 (11th Cir. 1997).

## III. RECOMMENDATION

Based on the foregoing, I **RESPECTFULLY RECOMMEND** that the Court **DENY** OJC's Motion for Attorneys' Fees, (ECF No. 24).

## IV. OBJECTIONS

**No later than fourteen days from the date of this Report and Recommendation** the parties may file any written objections to this Report and Recommendation with the Honorable Federico A. Moreno, who is obligated to make a *de novo* review of only those factual findings and legal conclusions that are the subject of objections. Only those objected-to factual findings and legal conclusions may be reviewed on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985), *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989), 28 U.S.C. § 636(b)(1), 11th Cir. R. 3-1 (2016).

RESPECTFULLY RECOMMENDED in Miami, Florida this 4th day of November 2020.

*[signature]*
CHRIS McALILEY
UNITED STATES MAGISTRATE JUDGE

Copies to:
The Honorable Federico A. Moreno
Counsel of record